# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEREMY D. MILLER, <br><br> Petitioner, <br><br> vs. <br><br> JOHN FAYRAM and JOHN BALDWIN, <br><br> Respondents. | No. C12-0064-LRR <br><br> ORDER |

This matter is before the court on the respondents' motion to dismiss (docket no. 5). The respondents filed such motion on August 6, 2012. The petitioner filed a resistance (docket no. 10) and a third request for appointment of counsel (docket no. 11) on October 12, 2012. The respondents did not file a reply to the petitioner's resistance. The petitioner requests an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

In his application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 2), the petitioner neither contests the validity of his conviction nor seeks a modification of his sentence. Rather, he only challenges the procedures used by the parole board. The petitioner makes clear that he dislikes the lack of an in-person interview and believes constitutional violations are occurring as a result of a paper review. But, he merely speculates that an in-person interview would alter the length of his sentence.

A review of online records and the documents submitted by the petitioner indicates that the Iowa District Court for Dubuque County bifurcated the petitioner's claims when he sought relief under Iowa Code chapter 822. Specifically, it separately considered a claim that challenged the validity of his 1992 sentence and claims that challenged the inaction of the parole board. Regarding the former claim, the Iowa District Court for

Dubuque County granted relief on July 24, 2008 and resentenced the petitioner on September 16, 2008. The petitioner filed an appeal, but the Iowa Supreme Court dismissed it as frivolous on June 3, 2009. Procedendo issued on June 24, 2009. In his resistance, the petitioner contends that he is challenging his resentencing. He, however, never specified any of the direct appeal grounds that the Iowa Supreme Court considered. And, the claims that he included in his application for a writ of habeas corpus only pertain to the inaction of the parole board. To the extent that he desires to amend his application for a writ of habeas corpus, any amendment would be untimely. *See* 28 U.S.C. § 2244(d); *Davenport v. Kenney*, 100 F. App'x 590, 591 (8th Cir. 2004). Consequently, relief is not available with respect to the sentence that the Iowa District Court for Dubuque County imposed on September 16, 2008.

As to the inaction of the parole board claim, the petitioner should have sought relief under 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254, because a successful challenge will not necessarily result in an earlier release date. *See, e.g.*, *Snodgrass v. Robinson*, 512 F.3d 999, 1002-03 (8th Cir. 2008) (affirming dismissal of 42 U.S.C. § 1983 action that challenged a change in the review procedures for commutations, which decreased the frequency of interviews with the parole board); *Sams v. Crawford*, 197 F. App'x 527 (8th Cir. 2006) (concluding plaintiffs appropriately relied on 42 U.S.C. § 1983 when alleging the procedures used in their parole-revocation proceedings were unconstitutional because plaintiffs never sought immediate or speedier release).[1] In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court made clear that, if a prisoner challenges the fact or duration of his confinement, he must seek relief in a habeas corpus action and, if a prisoner does not seek to be released or have his sentence reduced, he may pursue a civil rights action under 42 U.S.C. § 1983. *Id.* at 78-82 (concluding that challenges to parole procedures

---

[1] The court notes that the United States District Court for the Southern District of Iowa already addressed nearly identical claims under 42 U.S.C. § 1983. *See Martin v. State*, Case No. 4:11-cv-00034-JEG (S.D. Iowa Sept. 28, 2012).

2

that would not necessarily spell speedier release and claims seeking future relief that do not necessarily imply the invalidity of confinement or shorten its duration could be asserted in a civil rights action because they are more distant from the "core" of habeas within which habeas is the exclusive available action). The majority of the Supreme Court, however, did not directly address the propriety of using a writ of habeas corpus to obtain review of non-core habeas challenges or claims. *Id*. at 85 (Scalia, J., concurring) (agreeing with the Seventh Circuit Court of Appeals that habeas corpus actions are reserved for claims that change the level of custody, shorten its duration or terminate it completely).

When addressing conditions that a prisoner faces during his lawful custody, federal courts have placed limits on prisoners who seek habeas corpus relief as an alternative remedy to a proper action under 42 U.S.C. § 1983. *See, e.g.*, *Richardson v. Yates*, 435 F. App'x 625, 626 (9th Cir. 2011) (finding that speculative assertion as to possible impact on parole is insufficient to establish habeas jurisdiction); *Lettier v. Ayers*, 299 F. App'x 717, 718 (9th Cir. 2008) (concluding that speculation as to chances of a favorable parole decision does not establish habeas corpus jurisdiction); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (rejecting argument that state failed to use constitutionally required procedures before denying an application for release on parole because such argument must be raised in an action under 42 U.S.C. § 1983, not a habeas corpus action); *Kruger v. Erickson*, 77 F.3d 1071, 1073-75 (8th Cir. 1996) (concluding that the court lacked subject matter jurisdiction because a writ of habeas corpus is the proper remedy only if a prisoner is challenging the validity of his conviction or the length of his detention, such as the loss of good time); *Otey v. Hopkins*, 5 F.3d 1125, 1130-32 (8th Cir. 1993) (holding that constitutional challenge to clemency procedures is cognizable under 42 U.S.C. § 1983 but not in a habeas corpus proceeding). *But see Terrell v. United States*, 564 F.3d 442, 484-49 (6th Cir. 2009) (concluding that challenge to parole determination proceedings can be brought as habeas action or civil rights action); *Docken v. Chase*, 393 F.3d 1024, 1031

(9th Cir. 2004) (reversing district court because claim regarding the frequency of parole review has a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the "core" habeas challenges). Because his request for relief is vague and any successful claim for injunctive relief would not shorten his sentence, the petitioner's claim regarding the inaction of the parole board is not cognizable under 28 U.S.C. § 2254.[2]

Alternatively, the court finds that the petitioner is unable to seek federal habeas corpus relief because he failed to exhaust his federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[3] "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A petitioner exhausts his state remedies when he provides the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Further,

---

[2] The court notes that allowing the petitioner to proceed under 28 U.S.C. § 2254 allows him to avoid the requirements of 28 U.S.C. § 1914 and 28 U.S.C. § 1915. Consequently, the petitioner's ability to file under 28 U.S.C. § 2254 appears to undermine the effectiveness of the Prison Litigation Reform Act. Indeed, he opted to pursue this habeas corpus action by submitting an application for a writ of habeas corpus and paying the $5.00 filing fee even though he knew the Iowa courts never reviewed the merits of his claims.

[3] Title 28, United States Code, section 2254(b)(1) provides:
>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>>(A) the applicant has exhausted the remedies available in the courts of the State; or
>>(B)(i) there is an absence of available State corrective process; or
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

a "'petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance.'" *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

Despite being put on notice in June of 2008 of possible procedural problems, the petitioner continued to rely on Iowa Code chapter 822 (post-conviction relief) to challenge the procedures established by the parole board to carry out its administrative function in considering whether to parole prisoners. On November 13, 2009, the Iowa District Court for Dubuque County denied relief because Iowa Code chapter 17A (administrative relief) required the petitioner to exhaust his administrative remedies before filing a judicial review petition. It determined that the petitioner impermissibly relied on Iowa Code chapter 822. On May 25, 2011, the Iowa Court of Appeals affirmed. *See Miller v. State*, No. 09-1853, 2011 WL 2041822, 2011 Iowa App. LEXIS 378 (Iowa Ct. App. May 25, 2011). Before doing so, it distinguished *Maghee v. State*, 773 N.W.2d 228, 235-38, 242 (Iowa 2009), which held that a decision to transfer an inmate from a work release program or community-based correctional program to a secure institution is reviewable in a post-conviction proceeding, and it referenced Iowa Code section 822.2(1)(e), which allows a person to challenge his or her parole revocation. *Id*. The petitioner sought further review, but the Iowa Supreme Court denied such review on July 26, 2011. Procedendo issued on September 30, 2011.

Because the petitioner did not rely on Iowa Code chapter 17A to challenge the procedures of the parole board, the court concludes that the courts of Iowa did not have a full and fair opportunity to review his claims. It is undisputed that the courts of Iowa never addressed the merits of the petitioner's claims regarding the parole board's inaction. Both the Iowa District Court for Dubuque County and the Iowa Court of Appeals decided that no authority permitted a review of the petitioner's claims because he insisted on relying on Iowa Code chapter 822. And, the courts of Iowa consistently interpret Iowa

Code chapter 17A to require inmates who contest parole decisions to exhaust their administrative remedies before seeking judicial review. *See, e.g.*, *McKeag v. State*, No. 08-072, 2009 WL 2169041, 2009 Iowa App. LEXIS 716 (Iowa Ct. App. July 22, 2009) (reiterating that Iowa Code chapter 17A is the exclusive means of judicial review of any action of the parole board); *Rose v. State*, No. 07-1349, 2009 WL 1067055, 2009 Iowa App. LEXIS 324 (Iowa Ct. App. April 22, 2009) (finding no jurisdiction where inmate failed to seek review of parole board's decision under Iowa Code chapter 17A); *Moore v. State*, No. 07-1216, 2008 WL 4725290, 2008 Iowa App. LEXIS 1038 (Iowa Ct. App. Oct. 29, 2008) (clarifying that Iowa Code chapter 822 does not negate the applicability of Iowa Code chapter 17A when actions of parole board are challenged); *Johnson v. Iowa Bd. of Parole*, No. 02-1320, 2003 WL 1970475, 2003 Iowa App. LEXIS 394 (Iowa Ct. App. April 30, 2003) (reviewing judgment entered on judicial review of parole board's actions); *Johnson v. Dep't of Corr.*, 635 N.W.2d 487, 489 (Iowa Ct. App. 2001) (requiring an inmate who seeks to appeal any action by the parole board to first file with the administrative agency and emphasizing that any available administrative remedies must be exhausted before seeking judicial relief under Iowa Code chapter 17A); *Hajek v. Iowa State Bd. of Parole*, 414 N.W.2d 122, 123 (Iowa 1987) (applying Iowa Code chapter 17A); *see also Frazee v. Iowa Bd. of Parole*, 248 N.W.2d 80, 83 (Iowa 1976) (holding that the provisions of Iowa Code chapter 17A apply to parole revocation proceedings).

As the law in Iowa indicates, the requirement to appeal to the parole board and the requirement to file a judicial petition are firmly established and regularly followed. The petitioner points to no cases that explicitly sanction several options. And, when the appropriateness of relying on Iowa Code chapter 822 is at issue, the courts of Iowa consistently conclude that the only appropriate manner to challenge the denial of parole is judicial review under Iowa Code section 17A.19 after an administrative appeal is taken pursuant to 205 Iowa Administrative Code section 15.2. *Compare Rose*, 2009 WL 1067055, 2009 Iowa App. LEXIS 324 (observing that, although inmate was previously

permitted to challenge parole board's action in a post-conviction proceeding, the prior proceeding did not confront administrative exhaustion and parties waive a defect in the court's authority to hear a case by failing to make a timely objection), *with Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996-98 (8th Cir. 1996) (deciding that inmate need not challenge parole decision in Missouri declaratory judgment action because he showed it had not been used as the exclusive remedy).[4] And, it is clear that the courts of Iowa do not believe it is appropriate to treat the denial of parole and the decision to transfer an inmate from a work release program or a community-based correctional program to a secure institution the same. *See Miller*, 2011 WL 2041822, 2011 Iowa App. LEXIS 378.[5]

Aside from concluding that he did not complete one full and fair round of litigation in the courts of Iowa, the court finds that the petitioner has adequate procedures under Iowa Code chapter 17A available to him, but he refuses to rely on them. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law

---

[4] In *McGee v. State*, No. 07-1516, 2008 WL 4531417, 2008 Iowa App. LEXIS 1021 (Iowa Ct. App. Oct. 1, 2008), the Iowa Court of Appeals addressed the denial of an in-person interview with the parole board that had been asserted in a post-conviction proceeding, but there is no indication that it or the Iowa District Court for Buchanan County confronted the issue of administrative exhaustion.

[5] The court notes that the petitioner emphasized in his appellate opening brief the appropriateness of relying on Iowa Code chapter 822 rather than Iowa Code chapter 17A. He, however, did not refer to a specific constitutional right that had allegedly been violated. The petitioner's appellate reply brief does allege constitutional violations, but he did not submit for the court's consideration his application for further review. So, it is unclear what constitutional issues, if any, the Iowa Supreme Court reviewed. To the extent that the petitioner is asking the court to determine whether the courts of Iowa incorrectly decided that a denial of parole judicial action cannot be filed under Iowa Code chapter 822, the court is unable to make such determination. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions.").

of the State to raise, by any available procedure, the question presented."). It is difficult to understand why the petitioner never sought to challenge the actions of the parole board by taking an administrative appeal and seeking judicial review. Even though informed in 2008 that Iowa Code chapter 17A provides an opportunity to gain administrative relief and judicial review, the petitioner elected to forgo that opportunity for at least five years to pursue his procedural dispute with the State. In light of the law, this is not a prudent course.

Lastly, it is appropriate to dismiss the petitioner's claims against the respondents for the reasons stated in their brief. The respondents adequately set forth the law and apply such law to the facts that are set forth in the petitioner's filings. The court finds that the petitioner's assertions regarding the failure of the parole board to conduct a personal interview are without merit. The parole board's parole status review procedures, *see* Iowa Code ch. 906; 205 Iowa Admin. Code ch. 8, do not deprive the petitioner of a meaningful opportunity for parole or work release. Neither an ex post facto violation nor a due process violation occurred. *Cf. Snodgrass*, 512 F.3d at 1002-03 (addressing ex post facto and due process claims).[6] Because the petitioner's claims are not plausible in light of the law and the facts and because the petitioner offers nothing more than baseless speculation, dismissal is appropriate under Federal Rule of Civil Procedure 12.

Based on the foregoing, the respondents' motion to dismiss shall be granted. The petitioner's application for a writ of habeas corpus shall be denied with prejudice. The clerk's office shall enter judgment in favor of the respondents. To the extent that the petitioner desires an appeal, the court concludes that a certificate of appealability under 28 U.S.C. § 2253 is not warranted. Having concluded that it is appropriate to grant the respondents' request to dismiss for the reasons set forth above, the court stands by its

---

[6] The court notes that the United States District Court for the Southern District already addressed the identical ex post facto claim under 28 U.S.C. § 2254. *See McGee v. McKinney*, Case No. 4:09-cv-00323-RP (S.D. Iowa July 8, 2011).

previous determinations that this case does not justify the appointment of counsel. Accordingly, the petitioner's application for appointment of counsel shall be denied. Likewise, the court finds that an evidentiary hearing is not warranted.

**IT IS THEREFORE ORDERED:**

(1) The respondents' motion to dismiss (docket no. 5) is granted.

(2) The petitioner's application for a writ of habeas corpus (docket no. 1) is denied with prejudice.

(3) The clerk's office is directed to enter judgment in favor of the respondents.

(4) A certificate of appealability is denied.

(5) The petitioner's third request for appointment of counsel (docket no. 11) is denied.

**DATED** this 5th day of February, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA